NELLIE McLAUGHLIN ET AL., PLAINTIFFS-RESPONDENTS, v. HACKENSACK FOOD CENTER, INCORPORATED, DE-FENDANT-APPELLANT.

Submitted October 15, 1937—Decided January 28, 1938.

Before Justices LLOYD, CASE and DONGES.

For the defendant-appellant, *Townsend & Doyle* and *Cyril J. Galvin.*

For the plaintiffs-respondents, *Nicholas A. Carella* and *William V. Breslin.*

The opinion of the court was delivered by

DONGES, J.   This is an appeal from judgments of the District Court of the Second Judicial District of Bergen county in favor of the plaintiffs, husband and wife, for damages growing out of injuries to the wife by reason of a fall upon the sidewalk of premises occupied by the defendant-appellant as tenant.   The landlord and the Hackensack Water Company were also named as defendants, but as to them a voluntary nonsuit was taken.

The plaintiff wife fell at a point where a water valve is located below the sidewalk in a structure known as the "curb box." This box was two and a half inches below the level of the rest of the sidewalk, the condition being a round depression, four inches in diameter, sloping from the sidewalk level sharply to a level two and a half inches lower. This condition existed when the defendant came into the premises as tenant. The testimony does not disclose a situation of disrepair of the sidewalk, nor of deterioration due to its use or misuse by the tenant; nor does it disclose a condition of disrepair of a structure in the sidewalk erected for the benefit of the property, as in *McKeown* v. *King,* 99 *N. J. L.* 251. The box was originally constructed in its present condition and has always been in that condition.

The condition complained of amounted to a nuisance, and in that situation the case falls squarely within the rule of *Krieg* v. *Timken,* 102 *N. J. L.* 307, where it was held by the Court of Errors and Appeals that where a nuisance exists at the time of the creation of an estate for years, and the lessee does nothing except to maintain the demised premises in the condition in which he received them, a person who suffers from the nuisance must look to the landlord, and not to the tenant, for redress.

*Restaino* v. *Griggs Motor Sales, Inc.,* 118 *N. J. L.* 442, and *McKeown* v. *King, supra,* are not applicable to the present situation because those were cases where the liability of the tenants was predicated upon negligence in failing to repair and maintain a structure. Here the structure was a nuisance from its inception, and repair and maintenance are not factors. *Glass* v. *American Stores Co., Inc.,* 110 *Id.* 152, is distinguishable upon the ground that it does not appear that in that case the condition of the sidewalk existed before the defendant tenant entered into possession of the premises. In fact, it had existed only a month before the injury to the plaintiff in that case.

To hold that a tenant taking possession of premises is liable for every condition of the sidewalk that may be shown to be a nuisance in its legal nature would be to extend his

liability to an unreasonable extent and further than has heretofore been done. In many instances it might not be readily ascertainable whether a condition, such as difference in the level of flagstones or bricks, was the result of wear and tear by the elements, for which liability would be imposed on no one, or due to faulty construction and therefore a nuisance from its inception. A tenant would be compelled to take the risk of a showing that such a condition had always been in existence and a nuisance. We think the law imposes no such liability.

The rule stated in *Krieg* v. *Timken, supra,* controls, and the judgments are, therefore, reversed.